UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LANCE FOLSE** | **CASE NO. 6:21-CV-00382** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **DIAMOND SERVICES CORP ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### MEMORANDUM ORDER

Before the Court is the Motion to Enforce Settlement filed by Diamond Services Corp. (Rec. Doc. 29). Plaintiff opposed the Motion (Rec. Doc. 37), and Diamond replied (Rec. Doc. 45).

Plaintiff filed this suit against Diamond and Environmental Safety & Health Consulting Services, Inc. ("ESHC") following an incident in which he was allegedly injured during salvage operations of the M/V Candy Store. Plaintiff was the Jones Act employee of DHD Services, LLC. (Rec. Doc. 1). The owner of the M/V Candy Store, M/V/ Candy Store, LLC, filed an action for limitation of liability in the Eastern District of Louisiana. (E.D.La. Civil Action No. 2:19-cv-10870 c/w 20-243). Plaintiff asserted claims in the limitation action and ultimately settled with DHD and Diamond. (Rec. Doc. 29-5). Pertinent to this motion is the following reservation of rights language in the release between Plaintiff, DHD, and Diamond in the limitation action:

> (b) As additional consideration, [Plaintiff] further declares and agrees that he hereby releases, acquits and forever discharges [Diamond] from any and all claims for the following past medical expenses, costs, treatment, and/or services which have been paid by or on behalf of DHD:
>
> [Certain enumerated medical expenses]

(Rec. Doc. 29-5, p. 6-7).

In the subsequent paragraphs, Plaintiff released Diamond from claims for past lost fringe benefits and meals through October 15, 2020 (paragraph (c)) and any and all claims for maintenance and cure (paragraph (d)). (Rec. Doc. 29-5, p. 7). Plaintiff specifically reserved all claims not expressly released, including claims for general damages, past and future lost wages, lost fringe benefits and meals after October 15, 20202, medical expenses not enumerated in paragraph (b), and all other damages. (paragraph (f)).

The issue before the Court is whether by releasing his claims for maintenance and cure against Diamond Plaintiff also released his claims for future medical expenses. Diamond argues Plaintiff is not entitled to recover future medical expenses in this case, because he released his claims to recover for cure, which includes future medical expenses. Plaintiff does not dispute that certain medical expenses cannot be recovered as an element of cure. Plaintiff maintains that he has not asserted any claim for maintenance and cure against Diamond in these proceedings, and that medical expenses and cure are conceptually different items of recovery.

The settlement agreement does not contain an explicit release of claims for unenumerated past or future medical expenses against Diamond. Thus, Plaintiff will have released those claims only if his release of cure claims legally encompasses a release of any and all medical expenses. The Court agrees with Plaintiff that cure and medical expenses as an element of tort damages are conceptually different claims. The relationship between cure and medical expenses is one of offset, rather than legal preclusion, though preclusion is one possible result, depending on the amount of the award and whether future expenses include curative or palliative care. See *Nichols v. Weeks Marine, Inc.,* 513 F. Supp. 2d 627, 638 (E.D. La. 2007), quoting *Rashidi v. Am. President Lines,* 96 F.3d 124, 128 (5th Cir.1996) ("[T]he maintenance and cure duty does not extend to treatment which is only palliative in nature and 'results in no betterment in the claimant's condition.'") See also *In Matter of Gulf Pride Marine Serv., Inc.,* No. CIV. A. 96-1104, 1997 WL 118394, at *11 (E.D. La. Mar. 14, 1997) (The distinction between whether future care if curative or palliative "is only an issue when the medical care is considered under the maintenance and cure obligation of the vessel owner, an obligation which is not in any way dependent on fault and results from the employment relationship.") Offset cannot be decided at this pretrial point. The question is more appropriately answered after trial, an award of medical expenses, if any, and a determination of whether the

medical expenses awarded are attributable to curative (subject to offset as an element of cure) or palliative. Accordingly,

IT IS ORDERED that Diamond Services Corp.'s Motion to Enforce Settlement (Rec. Doc. 29) is DENIED.

THUS DONE in Chambers, Lafayette, Louisiana on this 19th day of July, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE